BLD-237                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2677
_____

IN RE:  RYHEEME R. WOOD,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3:12-cv-00584)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 26, 2012

Before:  SCIRICA, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: August 17, 2012 )
_____

OPINION
_____

PER CURIAM

    Ryheeme R. Wood is a Pennsylvania prisoner who petitions the Court pro se,

seeking a writ of mandamus. Wood seeks to compel the District Court to promptly act

upon his petition for writ of habeas corpus. We will deny mandamus relief without

prejudice.

1

Mandamus is an extraordinary remedy, used to "compel [an inferior court] to exercise its authority when it is its duty to do so." Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). A petitioner seeking mandamus relief "must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (quoting Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380–81 (2004)); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

"[M]atters of docket control" are left to the sound discretion of the district court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nevertheless, mandamus may be warranted where a district court's delay "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79 (concluding that a months-long delay in disposing of petitioner's underlying habeas petition was a matter of concern but denying mandamus relief without prejudice to petitioner's right to again seek relief if delay should extend beyond one year).

Wood filed his petition seeking habeas relief on March 30, 2012. On April 12, 2012, the District Court directed the respondents to answer the allegations contained in Wood's petition within twenty days. Thereafter, on motion, the court granted each respondent an extension of time within which to file a response. Wood then filed his mandamus petition in this Court on June 18, 2012. Subsequent to Wood's mandamus petition, but within the time prescribed by the District Court, respondents filed their

2

respective responses to Wood's habeas petition. Thus, the District Court may now proceed, and we are confident it will do so promptly. Under these circumstances, we decline to find that the District Court has failed to exercise its jurisdiction. Id.

For these reasons, we will deny Wood's mandamus petition.